UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

AT&T CORPORATION,

Plaintiff,

v.

L & M MUSIC, INC.,

Defendant, Third-Party Plaintiff,

v.

EPB TELECOM and
MONARK VOICE & DATA, INC.,

Third-Party Defendants.

Case No. 1:06-CV-209

Chief Judge Curtis L. Collier

**MEMORANDUM**

Before the Court is third-party defendant EPB Telecom's ("EPB") motion for judgment on the pleadings and motion for summary judgment against third-party plaintiff L & M Music, Inc. ("L & M Music") (Court File No. 49) and EPB's memorandum in support (Court File No. 50). Plaintiff has filed no response to Defendant's motion. The deadline for filing such a response has long since passed, *see* E.D.TN. LR 7.1(a), and the Court will consider EPB's motion without the benefit of Plaintiff's response. For the following reasons, the Court will **GRANT** EPB's motion and will **DISMISS** EPB from this action.

## I. FACTS AND PROCEDURAL HISTORY

The Court has set forth this case's facts in a previous Memorandum (Court File No. 47). The dispute here stems from an incident on or about June 12, 2005, when a hacker gained access to L & M Music's telephone system and used it to place $15,541.32 of international long-distance calls.

Plaintiff AT&T Corporation, L & M Music's long-distance telephone provider, sued to recoup its loss. On April 9, 2007, L & M Music, in addition to answering AT&T Corporation's complaint, brought a third-party complaint against EPB (Court File No. 7, *amended by* Court File No. 8). The third-party complaint alleged EPB installed a private branch exchange system ("PBX") in L & M Music's office, but EPB's negligence and breach of contract led unauthorized individuals to access the PBX on June 12, 2005, and run up long-distance charges. EPB answered the third-party complaint by denying it exercised control over L & M Music's PBX; instead, according to EPB, Monark Voice and Data ("Monark") provided the PBX to L & M Music, and Monark should have been joined by L & M Music's third-party complaint, as it was a necessary party under Fed. R. Civ. P. 19 (Court File No.10).

L & M Music and EPB had a business relationship for telecommunications services since 2001. They executed three Service Agreements, in 2001, 2004, and 2005. The 2004 and 2005 Service Agreements contained an express limitation of EPB's liability: "EPB TELECOM SHALL HAVE NO LIABILITY FOR ANY CLAIMS, LOSSES, ACTIONS, DAMAGES, SUITS OR PROCEEDINGS RESULTING FROM OTHERS ACCESSING CUSTOMER'S COMPUTERS AND EQUIPMENT, SECURITY BREACHES, VIRUSES, EASVESDROPPING [sic], [OR] INTERCEPTION OF TRAFFIC SENT OR RECEIVED USING THE SERVICES" (Court File No. 49 Ex. A, at 11, 15). None of the three Security Agreements required EPB to provide security to the PBX or prevent against third-party access. And, as EPB's account manager responsible for L & M Music's account stated:

> During the negotiations of the 2005 Service Agreement, even with knowledge of the illegal third-party access that had occurred only months earlier, Michael Mixson, President of L&M Music, neither requested that EPB Telecom provide L&M Music with any security for L&M Music's telecommunications equipment nor did he

demonstrate any expectation that EPB Telecom would, should or could do so.

(George Aff. ¶ 18). EPB also maintains, as it did in answering L & M Music's third-party complaint, it never provided any telecommunications equipment to L & M Music and never had access to L & M Music's telecommunications equipment, which had been installed by an unrelated party (*id.* ¶ 19).

EPB filed this motion for judgment on the pleadings (on the negligence claim) and summary judgment (on the breach of contract claim) on December 1, 2008 (Court File No. 49). The Court has not seen any response from L & M Music.

## II. STANDARDS OF REVIEW

### A. Motion for Judgment on the Pleadings

Defendant moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). A court considers a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 389 (6th Cir. 2007).

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient,

and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

**B. Motion for Summary Judgment**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

### A. Negligence Claim

EPB argues L & M Music's negligence claim is time-barred by the statute of limitations under the Tennessee Governmental Tort Liability Act ("TGTLA").

The TGTLA provides immunity from suit for governmental entities in Tennessee, Tenn. Code Ann. § 29-20-201. However, the TGTLA removes immunity when the negligent acts or omission of an entity's employees proximately cause an injury. *Id.* § 29-20-205. Plaintiffs must bring actions against non-immune governmental entities within twelve months of the date the cause of action arises. *Id.* § 29-20-305(b).

Here, EPB is a governmental entity falling under the TGTLA's provisions because it is a division of the Electric Power Board of the City of Chattanooga, a municipal corporation. *Id.* § 29-20-103; *Doyle v. Frost*, 49 S.W.3d 853, 857 (Tenn. 2001) ("Since 1973, claims against counties, municipalities, and other local governmental agencies have been governed by the [T]GTLA."). L & M Music acknowledges this in its amended third party complaint (Court File No. 25 ¶ 2). The event giving rise to L & M Music's negligence claim—the unauthorized access to its telephone system—happened on or about June 12, 2005. L & M first asserted its negligence claim against EPB in its answer and third-party complaint on April 9, 2007, much more than twelve months after the underlying event. Accordingly, the TGTLA time-bars L & M Music's negligence claim, and the Court will grant EPB's motion for judgment on the pleadings.

### B. Breach of Contract Claim

EPB argues the express language of its Service Agreements cause L & M Music's breach of contract claims to fail, warranting a grant of summary judgment.

"When the language of the contract is plain and unambiguous, the court must determine the parties' intention from the four corners of [the] contract, interpreting and enforcing it as written." *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 570 (Tenn. Ct. App. 2000). "Limitations against liability for negligence or breach of contract have generally been upheld in this state in the absence of fraud or overreaching." *Houghland v. Sec. Alarms & Servs., Inc.*, 755 S.W.2d 769, 773 (Tenn. 1988). Such limitations, moreover, are generally not contrary to public policy. *Id.*

Here, both the 2004 and 2005 Service Agreements contained express clauses precluding EPB's liability for security breaches of the type L & M Music experienced here. Moreover, the course of business dealings between EPB and L & M Music revealed no evidence EPB ever promised to provide security to L & M Music's telephone system or to guard against unauthorized outside access. In fact, after suffering the unauthorized access just a few months earlier, L & M Music could have tried to negotiate for an affirmative obligation for EPB to provide telephone network security, or at least have modified the limitation of liability, in signing the 2005 Service Agreement. Apparently, it chose not to do so.

After reviewing the Service Agreements, the Court finds no evidence of fraud, unconscionability, repugnance to public policy, or other grounds which would render them unenforceable. The language in the limitation of liability clauses is clear and unambiguous. EPB is simply not contractually liable for the unauthorized access to L & M Music's telephone system.

Accordingly, the Court will grant summary judgment to EPB on the breach of contract claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** third-party defendant EPB Telecom's motion for judgment on the pleadings and motion for summary judgment (Court File No. 49) and will **DISMISS** EPB Telecom from the case.

An Order will enter.

***/s/***
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**